REVISED JUNE 23, 2009
IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-30775

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

LARRY W DOUBLIN

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana

Before BARKSDALE, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:

Larry W. Doublin challenges the district court's ruling that, in a sentence-reduction proceeding under 18 U.S.C. § 3582(c)(2) (authorizing limited discretionary sentence reductions), the sentence cannot be reduced below the minimum advisory sentence in the Sentencing Guidelines. AFFIRMED.

I.

In 1996, Doublin was both convicted of, inter alia, distribution of crack cocaine and sentenced to 292 months' imprisonment–the minimum sentence possible under the then-mandatory guidelines. Subsequently, United States v.

Booker, 543 U.S. 220 (2005), held the guidelines advisory only. On the other hand, Booker was not held to be retroactive.

In 2007, the United States Sentencing Commission amended the guidelines. Generally, it reduced the base offense levels for crack cocaine offenses by two, in order to reduce the sentencing disparity between crack and powder cocaine offenses; and it made these guidelines apply retroactively.

As a result, the district court, sua sponte, reviewed prisoners whose sentences might be eligible for a reduction as a result of these amendments and determined Doublin to be among their number. Pursuant to the amended guidelines, Doublin had a guideline sentencing range of 235 to 293 months of imprisonment. The district court appointed the federal public defender to represent Doublin, notified the parties it intended to resentence him to the minimum sentence under the amended guidelines, and instructed them to file any objections within 60 days.

In response, Doublin urged the district court to impose a sentence below the new guideline minimum. Along that line, relying upon United States v. Hicks, 472 F.3d 1167, 1169 (9th Cir. 2007), Doublin contended Booker applied to resentencings under 18 U.S.C. § 3582(c)(2), rendering advisory the not-below-the-new-guideline-minimum limitations imposed by Guideline § 1B1.10. Therefore, the district court could, Doublin urged, consider non-guidelines factors and impose a sentence below the guideline minimum.

The Government opposed that position, noting: 18 U.S.C. § 3582 requires reductions to be "consistent with . . . applicable policy statements issued by the Sentencing Commission"; and the applicable policy statement, Guideline § 1B1.10(b)(2)(A), prohibits reductions "to a term that is less than the minimum of the amended guideline range". Accordingly, the Government urged, 18 U.S.C. § 3582 and Guideline § 1B1.10(b)(2)(A) together bar a district court from reducing a sentence below the guideline minimum.

The district court agreed with the Government, rejected Doublin's Booker contention, and sentenced him to the minimum sentence permitted by the amended guidelines. The amended judgment to that effect was entered on 24 July 2008.

II.

Although the district court's decision whether to reduce a sentence is reviewed for abuse of discretion, e.g., United States v. Townsend, 55 F.3d 168, 170 (5th Cir. 1995), its "interpretation or application of the Guidelines [is reviewed] de novo". United States v. Conner, 537 F.3d 480, 489 (5th Cir. 2008). Accordingly, we review de novo the district court's conclusion that it could not reduce Doublin's sentence below the guideline minimum.

District courts are allowed by 18 U.S.C. § 3582 to reduce a sentence under certain conditions and subject to various limitations. A sentence may be reduced when it is for "a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission". 18 U.S.C. § 3582(c)(2). As part of this reduction, the district court must consider the sentencing factors provided in 18 U.S.C. § 3553 and may reduce the sentence only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission". 18 U.S.C. § 3582(c)(2).

These sentence reductions are governed by the policy statement in the above-referenced Guideline § 1B1.10. It provides: in reducing sentences that fell within the guideline range when originally imposed, "the court shall not reduce the . . . term of imprisonment . . . to a term that is less than the minimum of the amended guideline range". U.S.S.G. § 1B1.10(b)(2)(A) (emphasis added). Accordingly, under Guideline § 1B1.10, made mandatory by 18 U.S.C. § 3582, a district court cannot impose a sentence below the guideline range.

Having determined the mandatory guidelines regime violated the Sixth Amendment, Booker excised 18 U.S.C. § 3553(b)(1), which made the guidelines

3

mandatory, and thereby rendered them advisory only. As he did in district court, Doublin urges Booker applies to 18 U.S.C. § 3582 reductions as well, so that Guideline § 1B1.10's limitation is advisory only and the district court could impose a below-guideline-range sentence.

Although this is an issue of first impression in our court, numerous other circuits have considered it. Of the nine to consider the issue, the First through Fourth, Seventh, Eighth, Tenth, and Eleventh have rejected Booker's application to sentence reductions under 18 U.S.C. § 3582, and have held the Guideline § 1B1.10 limitation to be mandatory. See United States v. Fanfan, 558 F.3d 105 (1st Cir. 2009); United States v. Savoy, No. 08-4900-cr, 2009 WL 1457976 (2d Cir. 27 May 2009); United States v. Doe, 564 F.3d 305 (3d Cir. 2009); United States v. Dunphy, 551 F.3d 247 (4th Cir. 2009); United States v. Cunningham, 554 F.3d 703 (7th Cir. 2009); United States v. Starks, 551 F.3d 839 (8th Cir. 2009); United States v. Rhodes, 549 F.3d 833 (10th Cir. 2008); United States v. Melvin, 556 F.3d 1190 (11th Cir. 2008).

Only the Ninth Circuit has held that, for an 18 U.S.C. § 3582(c)(2) resentencing, district courts can reduce the sentence below the amended guideline range. Hicks, 472 F.3d at 1172 ("Mandatory Guidelines no longer exist, in this context or any other."). Hicks, relied upon by Doublin in district court, was decided, however, prior to the 2008 amendments to Guideline § 1B1.10, barring any reduction below the amended guideline minimum. (The basis for the decision in Hicks is not, however, necessarily affected by these amendments. See Hicks, 427 F.3d at 1172 ("[T]o the extent that the policy statements would have the effect of making the Guidelines mandatory . . . they must be void".).)

To the extent Hicks is not distinguished by the subsequent amendments to Guideline § 1B1.10, we find it unpersuasive. For the reasons that follow, we join the nearly unanimous position of our sister circuits in holding Booker does

not alter the mandatory character of Guideline § 1B1.10's limitations on sentence reductions.  Accordingly, the district court correctly ruled it could not reduce Doublin's sentence below the minimum provided in the amended guidelines.

Booker mandates the guidelines are advisory in full sentencings (and, hence, in full resentencings); but, it is undisputed that a reduction under 18 U.S.C. § 3582 does not constitute a full resentencing. Guideline § 1B1.10(a)(3) provides that "proceedings under 18 U.S.C. § 3582(c)(2) . . . do not constitute a full resentencing of the defendant".  As the Tenth Circuit noted in Rhodes, 549 F.3d at 840, "there are clear and significant differences between original sentencing proceedings and sentence modification proceedings".  These differences explain why Booker does not affect Guideline § 1B1.10.

As an initial matter, the concerns at issue in Booker do not apply in an 18 U.S.C. § 3582(c)(2) proceeding.  Quoting Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), Booker noted that any "fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt".  Booker, 543 U.S. at 231 (emphasis added).  Section 3582(c)(2) proceedings do not, of course, involve sentence increases.  "[T]he limits § 3582(c)(2) and U.S.S.G. § 1B1.10 impose on the extent of reductions are, at most, the equivalent of mandatory minimum sentences, which the Sixth Amendment permits within an otherwise-authorized sentencing range".  Dunphy, 551 F.3d at 253 n.3 (citing Harris v. United States 536 U.S. 545, 566 (2002)).

Furthermore, reductions under 18 U.S.C. § 3582(c)(2) are not mandatory; this section merely gives the district court discretion to reduce a sentence under limited circumstances.  E.g., Dunphy, 551 F.3d at 252 ("Even before Booker, the guidelines were not mandatory in § 3582(c) proceedings. Courts are not required to reduce a sentence.") (emphasis in original).  By referencing the guidelines, the

Sentencing Commission has not reimposed a mandatory guidelines regime; rather, the guidelines serve merely as a limit on the extent to which a sentence may be reduced subsequent to its having been imposed previously. (Of course, in the absence of 18 U.S.C. § 3582(c)(2), a sentence based on a subsequently-amended guideline could not be reduced to any extent.)

As the Eighth Circuit noted in Starks, 551 F.3d at 842, "[i]n § 3582(c), Congress sought to limit the authority of a district court to modify a term of imprisonment", by requiring any reduction to be consistent with policy statements issued by the Sentencing Commission. Accordingly, "[a]lthough the guidelines must be treated as advisory in an original sentencing proceeding, neither the Sixth Amendment nor Booker prevents Congress from incorporating a guideline provision as a means of defining and limiting a district court's authority to reduce a sentence under § 3582(c)". Id.

### III.

For the foregoing reasons, the amended judgment is AFFIRMED.