**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-10561
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ANEZ S ROBINSON

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:89-CR-365-4

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Anez S. Robinson, federal prisoner # 19981-077, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence based upon Amendment 706 to the United States Sentencing Guidelines. Robinson implicitly concedes that Amendment 706 did not reduce his Guidelines sentence range, thereby making him ineligible for a sentence reduction pursuant to U.S.S.G. § 1B1.10(a)(2)(B). Nevertheless, Robinson asserts that *United States v. Booker*, 543 U.S. 220 (2005), applies to Section 3582(c)(2) proceedings, making

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his Guidelines sentence range and Section 1B1.10(a)(2)(B) advisory only. He contends that the district court had authority to reduce his sentence under Section 3582(c)(2) because the guideline provision upon which his sentence was based was modified by Amendment 706. He maintains that the district court's denial of his Section 3582(c)(2) motion must be vacated because it was based upon a mandatory application of the Guidelines.

Because Robinson was held responsible for more than 15 kilograms of cocaine base, Amendment 706 did not lower his Guidelines sentence range. *See* U.S.S.G. app. C, amend. 706 (2007). Thus, Robinson was not eligible for a sentence reduction pursuant to Section 1B1.10(a)(2)(B). Following the briefing in this case, this court held that "*Booker* does not alter the mandatory character of [Section] 1B1.10's limitations on sentence reductions." *United States v. Doublin*, 572 F.3d 235, 2009 WL 1743661, at *3 (5th Cir. June 22, 2009) (per curiam). Accordingly, the district court did not have authority to reduce Robinson's sentence. *See id.*

AFFIRMED.