**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 9, 2009

Charles R. Fulbruge III
Clerk

No. 08-31021
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BILLY RAY TATUM,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:91-CR-50073-1

Before JOLLY, DAVIS and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Billy Ray Tatum, federal prisoner # 07727-035, appeals the district court's
denial of relief under 18 U.S.C. § 3582(c)(2) (granting district court discretion to
modify sentence when Sentencing Guideline upon which sentence was based is
subsequently amended). Tatum is serving consecutive sentences of 193 months
and 60 months of imprisonment for possession with intent to distribute cocaine

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

and cocaine base and for using and carrying a firearm during a drug trafficking offense.

In his challenge to the district court's judgment, Tatum contends *United States v. Booker*, 543 U.S. 220 (2005), applies to proceedings involving sentencing reductions under § 3582(c)(2) as it does in original sentencing proceedings. He asserts that, although he was sentenced as a career offender under Sentencing Guideline § 4B1.1 (Nov. 1992), the district court had discretion to reduce his sentence under § 3582(c)(2).

Although we review for abuse of discretion the district court's decision not to reduce Tatum's sentence, we review *de novo* its interpretation or application of the Sentencing Guidelines. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). Accordingly, we review Tatum's contentions *de novo*.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence where the sentencing range is later lowered by the Sentencing Commission "if such a reduction is consistent with the policy statements issued by the Sentencing Commission". *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). Eligibility for consideration under § 3582(c)(2) is triggered only by an amendment that lowers the applicable guidelines range. USSG § 1B1.10, comment. (n.1(A)).

Tatum maintains his sentence should have been reduced because Sentencing Guideline § 2D1.1 (providing sentencing guidelines for crack cocaine offenses) was amended in 2007. Tatum's guidelines range, however, was not derived from the quantity of crack cocaine involved in the offense; instead, it was pursuant to his career-offender status. Accordingly, the district court was correct in concluding that a reduction was not permitted under § 3582(c)(2). *See* § 3582(c)(2); USSG § 1B1.10, comment. (n.1(A)).

In addition, our court has rejected Tatum's contentions based on *Booker*. *See Doublin*, 572 F.3d at 238-39. "[T]he concerns at issue in *Booker* do not apply in an 18 U.S.C. § 3582(c)(2) proceeding". *Id.* at 238. Although the Guidelines

2

must be treated as advisory in an original sentencing proceeding, *Booker* does not prevent Congress from incorporating a Guideline provision "as a means of defining and limiting a district court's authority to reduce a sentence under § 3582(c)". *Id.* at 239 (internal quotation and citation omitted).

AFFIRMED.