# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 9, 2009

Charles R. Fulbruge III
Clerk

No. 09-10149
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAMMON WILLIS ROWE, also known as Dame,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CR-174-20

Before DeMOSS, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Dammon Willis Rowe, federal prisoner # 29080-177, pleaded guilty to conspiracy to possess with the intent to distribute more than five kilograms of a mixture containing cocaine and 50 grams or more of a mixture containing cocaine base. Rowe now appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of sentence, which was based on the United

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States Sentencing Commission's amendments to the Sentencing Guidelines's base offense levels for crack cocaine.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence where the sentencing range is later lowered by the Sentencing Commission. *See* § 3582(c)(2). We review the district court's determination on a § 3582(c)(2) motion for abuse of discretion. *United States v. Doublin*, 572 F.3d 235, 236-37 (5th Cir. 2009).

Rowe argues that he should receive a sentencing reduction based on the amendment because his codefendants have received the same and the district court's failure to reduce his sentence created an unwarranted disparity. Rowe's presentence report reveals that he was held accountable "for conspiracy to possess and distribute 17.28 net kilograms of cocaine base or crack cocaine." Therefore, even applying the relevant guideline amendment, because Rowe was held accountable for more than 4.5 kilograms of cocaine base, his guidelines computation would not change, and his sentence would not be lowered. *See* U.S.S.G. Supp. to App'x C, Amend. 706; U.S.S.G § 2D1.1(c)(1). Rowe has not shown that the district court abused its discretion in denying his motion. *See Doublin*, 572 F.3d at 237.

AFFIRMED.