Stephen H. Shapiro, Jefferson, LA, for Defendant–Appellant.

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM: *

Erick Simon appeals the sentence imposed following his conviction of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He argues, for the first time on appeal, that his sentence should be vacated because the district court failed to comply with Federal Rule of Criminal Procedure 32(i)(1)(A) and 18 U.S.C. § 3553(c).

Generally, this court uses a bifurcated approach to review sentences for reasonableness. *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007). Because Simon failed to raise these arguments in the district court, however, review is for plain error. *United States v. Esparza–Gonzalez*, 268 F.3d 272, 274 (5th Cir.2001). A plain error is a forfeited error that is clear or obvious and affects the defendant's substantial rights. *United States v. Mondragon–Santiago*, 564 F.3d 357, 361 (5th Cir.2009), *cert. denied* —— U.S. ——, 130 S.Ct. 192, —— L.Ed.2d —— (2009). Where those elements are shown, this court has the discretion to correct the error, but only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation omitted).

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

The district court imposed the statutorily-mandated minimum sentence. *See* § 924(e). Simon has not demonstrated how any of the alleged errors could have resulted in a different sentence. *See Mondragon–Santiago*, 564 F.3d at 361. Accordingly, he has not demonstrated reversible plain error. *Id.*

AFFIRMED.

**UNITED STATES of America, Plaintiff–Appellee**

v.

**Alfred WASHINGTON, also known as Dough Boy, Defendant–Appellant.**

**No. 08–30633**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Oct. 19, 2009.

Cristina Walker, Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Louisiana, Shreveport, LA, for Plaintiff–Appellee.

Pamela Gay Smart, Shreveport, LA, for Defendant–Appellant.

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM: *

Alfred Washington appeals the district court's denial of his 18 U.S.C. § 3582(c)(2)

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

motion for a reduction of sentence, which was based on the United States Sentencing Commission's amendments to the Sentencing Guidelines's base offense levels for crack cocaine.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence where the sentencing range is later lowered by the Sentencing Commission. *See* § 3582(c)(2). We review the district court's discretionary determination on a § 3582(c)(2) motion for abuse of discretion. *United States v. Doublin,* 572 F.3d 235, 236–37 (5th Cir.2009), *petition for cert. filed,* —— U.S.L.W. —— (U.S. Sept. 21, 2009)(No. 09–6657).

Washington argues that the district court abused its discretion in denying his request for a reduced sentence without considering his objections to the recalculation of his base offense level in conjunction with the factors in 18 U.S.C. § 3553(a). He contends that the district court should have considered that his counsel had no reason to object to Washington being held responsible for amounts over 1.5 kilograms of cocaine base at sentencing. Finally, he also argues that the district court abused its discretion in not granting a comparable sentence reduction under U.S.S.G. § 1B1.10(b)(2)(B).

Because Washington was held accountable for more than 4.5 kilograms of cocaine base when he was sentenced, his guidelines computation did not change following Amendment 706, and his sentencing range was not lowered. *See* Amend. 706; U.S.S.G. § 2D1.1(c)(1). With respect to his argument that he should now be able to challenge the drug quantity for which he was held responsible, a § 3582(c)(2) motion "is not a second opportunity to pres-

ent mitigating factors to the sentencing judge, nor is it a challenge to the appropriateness of the original sentence." *United States v. Whitebird,* 55 F.3d 1007, 1011 (5th Cir.1995); *see* § 1B1.10(a)(3). Therefore, Washington was not entitled to have his sentencing guidelines range recalculated. *See Doublin,* 572 F.3d at 237–38.

Washington argues that guidelines section 1B1.10(b)(2)(B) provides that if the original sentence imposed was below the guidelines range, a reduction comparably less than the amended range may be made. Because Washington's sentencing range was not lowered as a result of the amendment, the district court did not abuse its discretion in refusing to make such a reduction.

The denial of the motion is AFFIRMED.

published and is not precedent except under the limited circumstances set forth in 5TH CIR.

