**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 19, 2009

Charles R. Fulbruge III
Clerk

No. 08-30633
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALFRED WASHINGTON, also known as Dough Boy,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:01-CR-50070-9

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Alfred Washington appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of sentence, which was based on the United States Sentencing Commission's amendments to the Sentencing Guidelines's base offense levels for crack cocaine.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence where the sentencing range is later lowered by the Sentencing Commission. *See* § 3582(c)(2). We review the district court's discretionary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determination on a § 3582(c)(2) motion for abuse of discretion. *United States v. Doublin*, 572 F.3d 235, 236-37 (5th Cir. 2009), *petition for cert. filed*, __ U.S.L.W. __ (U.S. Sept. 21, 2009)(No. 09-6657).

Washington argues that the district court abused its discretion in denying his request for a reduced sentence without considering his objections to the recalculation of his base offense level in conjunction with the factors in 18 U.S.C. § 3553(a). He contends that the district court should have considered that his counsel had no reason to object to Washington being held responsible for amounts over 1.5 kilograms of cocaine base at sentencing. Finally, he also argues that the district court abused its discretion in not granting a comparable sentence reduction under U.S.S.G. § 1B1.10(b)(2)(B).

Because Washington was held accountable for more than 4.5 kilograms of cocaine base when he was sentenced, his guidelines computation did not change following Amendment 706, and his sentencing range was not lowered. *See* Amend. 706; U.S.S.G. § 2D1.1(c)(1). With respect to his argument that he should now be able to challenge the drug quantity for which he was held responsible, a § 3582(c)(2) motion "is not a second opportunity to present mitigating factors to the sentencing judge, nor is it a challenge to the appropriateness of the original sentence." *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995); *see* § 1B1.10(a)(3). Therefore, Washington was not entitled to have his sentencing guidelines range recalculated. *See Doublin*, 572 F.3d at 237-38.

Washington argues that guidelines section 1B1.10(b)(2)(B) provides that if the original sentence imposed was below the guidelines range, a reduction comparably less than the amended range may be made. Because Washington's sentencing range was not lowered as a result of the amendment, the district court did not abuse its discretion in refusing to make such a reduction.

The denial of the motion is AFFIRMED.