**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-30927
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL OSHEA HEARD,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:98-CR-30011-1

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

In 1999 Michael Oshea Heard, federal prisoner # 09888-035, was convicted of one count of conspiracy to distribute 50 grams or more of cocaine base, two counts of distributing 50 grams or more of cocaine base, one count of distributing five grams or more of cocaine base, and one count of unlawful use of a communications facility. Heard appeals the sentence imposed following the district court's granting of his motion for reduction of sentence pursuant to 18

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 3582(c)(2). Heard challenges the district court's determination that it lacked authority under § 3582(c)(2) to reduce the sentence below the amended guidelines range and argues that, if the district court had such authority, it erred in determining that it could not consider Heard's assistance to the Government as a factor under 18 U.S.C. § 3553(a), absent a motion by the Government.

Heard argues that the holding in *United States v. Booker*, 543 U.S. 220 (2005), applies to § 3582(c)(2) proceedings, that § 3582(c)(2)'s requirement that the reduction be consistent with applicable Guideline policy statements is not a jurisdictional impediment to a sentence below the amended guidelines range, and that the Sentencing Commission, which has the power to specify the circumstances and amounts of sentence reductions, cannot ignore the Supreme Court's holdings in *Booker* or in *Kimbrough v. United States*, 516 U.S. 558 (2007), regarding the weight courts should give the § 3553(a) factors when they impose sentences.

Heard's arguments are foreclosed in light of our recent decision in *United States v. Doublin*, 572 F.3d 235, 236-39 (5th Cir. 2009), *petition for cert. filed* (Sept. 21, 2009) (No. 09-6657). Accordingly, the judgment of the district court is AFFIRMED.