# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 3, 2009

Charles R. Fulbruge III
Clerk

No. 09-30057
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES B DOTSON, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:03-CR-39-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges

PER CURIAM:[*]

James B. Dotson, Jr., federal prisoner # 0354-095, pleaded guilty to distribution of cocaine base and possession with the intent to distribute cocaine. He was sentenced to 121 months of imprisonment. He appeals the district court's grant of his 18 U.S.C. § 3582(c)(2) motion for a reduction of sentence, which was based on the United States Sentencing Commission's amendments to the Sentencing Guidelines's base offense levels for crack cocaine. The district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court reduced Dotson's sentence to 120 months, the statutory minimum sentence.

Dotson argues that he is entitled to have his sentence reduced further pursuant to Amendment 709, which addressed two areas of the Guidelines' criminal history rules. Amendment 709 is not listed by the Sentencing Commission's policy statement in U.S.S.G. § 1B1.10 as a Guideline amendment that applies retroactively. Dotson argues that the district court was not limited by the Guidelines' list of retroactively applicable amendments because, after *United States v. Booker*, 543 U.S. 220 (2005), the Guidelines are advisory.

Although the district court's decision whether to reduce a sentence ordinarily is reviewed for an abuse of discretion, a court's interpretation of the Guidelines is reviewed de novo. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009), *petition for cert. filed* (Sept. 21, 2009) (No. 09-6657). Amendment 709 is not listed as an amendment covered by the policy statement in § 1B1.10. *See* § 1B1.10. Therefore, the plain language of § 3582(c) dictated that the district court was not authorized to reduce a sentence based on Amendment 709 because that would be inconsistent with Sentencing Commission policy. *See* § 1B.10, comment. (n.1); § 3582(c)(2). Moreover, this court has held that *"Booker* does not alter the mandatory character of Guideline § 1B1.10's limitations on sentence reductions." *Doublin*, 572 F.3d at 238. Dotson has not shown that the district court erred in granting his motion and reducing his sentence to 120 months.

AFFIRMED.