# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 9, 2009

Charles R. Fulbruge III
Clerk

No. 09-40052
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RONNIE LEE HAMPTON, also known as Rabbit, also known as Robert Hampton,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:03-CR-62-ALL

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Ronnie Lee Hampton, federal prisoner # 10636-078, filed a motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) in which he sought a reduction in his offense level based on Amendment 706 to the crack cocaine Guidelines. Hampton appeals the district court's denial of that motion. The Government has filed a motion for summary affirmance or, alternatively, for an extension of time to file a brief on the merits.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Hampton argues that the district court erred in concluding that it did not have the discretion to grant him a sentence reduction under § 3582(c)(2). The district court's decision whether to reduce a sentence ordinarily is reviewed for an abuse of discretion, but a district court's interpretation of the Guidelines is reviewed *de novo*. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). Hampton's Guideline range was derived not from the quantity of crack cocaine involved in the offense, but rather from his career offender status. PSR ¶ 25. Accordingly, he was not sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" for purposes of § 3582(c)(2), and that section does not apply. Hampton's argument that the district court had the discretion to reduce his sentence under § 3582 in light of *United States v. Booker*, 543 U.S. 220 (2005), is unavailing because "the concerns at issue in *Booker* do not apply in an 18 U.S.C. § 3582(c)(2) proceeding." *Doublin*, 572 F.3d at 238.

The Government's motion for summary affirmance is GRANTED, and the Government's motion for an extension of time is DENIED. AFFIRMED.