# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 18, 2009

Charles R. Fulbruge III
Clerk

No. 09-30213
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

PETER PELTIER,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:96-CR-60016-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Peter Peltier, federal prisoner # 09259-035, appeals the district court's denial of 18 U.S.C. § 3582(c)(2) relief. Peltier is currently serving a sentence of 262 months for possession with intent to distribute cocaine base.

In his challenge to the district court's judgment, Peltier argues that *United States v. Booker*, 543 U.S. 220 (2005), applies to proceedings involving sentencing reductions under § 3582(c)(2) as it does in original sentencing proceedings. He argues that although he was sentenced as a career offender

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under U.S.S.G. § 4B1.1, the district court had discretion to reduce his sentence under § 3582(c)(2).

We review Peltier's arguments de novo. *See United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009), *cert. denied*, 130 S.Ct. 517 (2009). Section 3582(c)(2) permits the discretionary modification of a defendant's sentence where the sentencing range is later lowered by the Sentencing Commission, "if such a reduction is consistent with the policy statements issued by the Sentencing Commission." *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). Eligibility for consideration under § 3582(c)(2) is triggered only by an amendment that lowers the applicable guidelines range. *See* U.S.S.G. § 1B1.10, cmt. n.1(A) (2008).

Peltier's guidelines range was not derived from the quantity of crack cocaine involved in the offense, but rather from his career offender status. The district court thus was correct in concluding that a reduction was not permitted under § 3582(c)(2). *See* § 1B1.10, cmt. n.1(A). We have rejected Peltier's *Booker* arguments. *See Doublin*, 572 F.3d at 238-39. "[T]he concerns at issue in *Booker* do not apply in an 18 U.S.C. § 3582(c)(2) proceeding." *Id.* at 238. Although the Guidelines must be treated as advisory in an original sentencing proceeding, *Booker* does not prevent Congress from incorporating a Guideline provision "as a means of defining and limiting a district court's authority to reduce a sentence under § 3582(c)." *Id.* at 239 (internal quotation marks and citation omitted).

AFFIRMED.