**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-10654
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCUS LYNN FOSTER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:03-CR-46-5

Before GARWOOD, DENNIS and ELROD, Circuit Judges.

PER CURIAM:[*]

Marcus Lynn Foster, federal prisoner # 30525-177, filed a motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2). He sought a sentence reduction based on Amendment 706 to the Federal Sentencing Guidelines, which reduced the base offense level for most crack cocaine offenses. *See United States v. Burns*, 526 F.3d 852, 861 (5th Cir. 2008). Foster appeals the district court's denial of that motion. Foster argues that the district court erred by determining

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that because the crack cocaine amendments did not lower his guidelines range, he was ineligible for a sentence reduction under § 3582(c)(2).

Foster's argument is premised, in part, upon his assertion that the prohibition set forth in *United States v. Booker*, 543 U.S. 220 (2005), against the mandatory application of the Guidelines applies in § 3582(c)(2) proceedings. This court determined in *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009), *cert. denied,* 2009 WL 3073270 (Nov. 2, 2009) (No. 09-6657), that "the concerns at issue in *Booker* do not apply in a 18 U.S.C. § 3582(c)(2) proceeding." Also, "*Booker* does not alter the mandatory character of Guideline § 1B1.10's limitations on sentence reductions." *Id.* One such limitation is that a § 3582(c)(2) reduction is not authorized if an amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). In Foster's case, the amended guidelines yielded the same sentencing range that was used when Foster was originally sentenced. The district court therefore did not err in denying Foster's motion. *See Doublin*, 572 F.3d at 237; § 3582(c)(2); § 1B1.10(a)(2)(B).

AFFIRMED.