# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2009

Charles R. Fulbruge III
Clerk

No. 09-40194
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OCIE BURNELL MCCUIN, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:04-CR-106-21

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ocie Burnell McCuin, Jr., federal prisoner # 09543-062, pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of cocaine base (crack cocaine), in violation of 21 U.S.C. § 846. He was sentenced to the statutory minimum 120-month term of imprisonment as well as a five-year term of supervised release. *See* 21 U.S.C. § 841(b)(1)(A)(iii). McCuin appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of sentence, in which he sought a modification of his sentence due to a retroactive

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

amendment to the Sentencing Guidelines for crack cocaine offenses. The Government has filed a motion for summary affirmance, or, alternatively, for an extension of time within which to file a brief.

The district court's decision whether to reduce a sentence ordinarily is reviewed for an abuse of discretion, but a district court's interpretation of the Guidelines is reviewed *de novo*. *United States v. Doublin*, 572 F.3d 235, 237 (2009), *cert. denied*, 2009 WL 3073270 (Nov. 2, 2009) (No. 09-6657). The district court lacked the discretion to impose a guidelines sentence that was lower than the statutorily mandated minimum penalty. *See United States v. Harper*, 527 F.3d 396, 411 (5th Cir.), *cert. denied*, 129 S. Ct. 212 (2008); *United States v. Gomez-Herrera*, 523 F.3d 554, 559 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008). McCuin's argument that the district court had the discretion to reduce his sentence under § 3582 in light of *United States v. Booker*, 543 U.S. 220 (2005), is unavailing because "the concerns at issue in *Booker* do not apply in an 18 U.S.C. § 3582(c)(2) proceeding." *Doublin*, 572 F.3d at 238. McCuin concedes that there is no authority for the district court to have imposed a sentence below the statutory minimum, but he seeks to preserve the issue in the event of a change in the jurisprudence regarding the application of § 3582(c)(2) to defendants subject to mandatory minimum sentences.

The Government's motion for summary affirmance is GRANTED, the Government's motion for an extension of time is DENIED as moot, and the judgment of the district court is AFFIRMED.