# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 19, 2010

Charles R. Fulbruge III
Clerk

No. 09-40220
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GREGORY DARNELL WILLIAMS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:94-CR-21-3

Before HIGGINBOTHAM, CLEMENT and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Gregory Darnell Williams appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce sentence seeking a reduction based on the retroactive amendments to the crack cocaine guidelines. The Government moves for summary affirmance, arguing that Williams was ineligible for relief under § 3582(c)(2) because he was sentenced not under the crack guidelines but as a career offender, pursuant to U.S.S.G. § 4B1.1.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Williams's guideline range was not derived from the quantity of crack cocaine involved in the offense, but rather from his career offender status, the district court was correct in concluding that a sentencing reduction was not permitted. *See* § 3582(c)(2). Williams argues that the district court should have the authority pursuant to § 3582(c)(2) to reduce his term of imprisonment notwithstanding his status as a career offender in light of *United States v. Booker,* 543 U.S. 220 (2005). The argument is unavailing because "the concerns at issue in *Booker* do not apply in an 18 U.S.C. § 3582(c)(2) proceeding." *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir.), *cert. denied,* 130 S. Ct. 517 (2009). Although the Guidelines must be treated as advisory in an original sentencing proceeding, *Booker* does not prevent Congress from incorporating a Guideline provision "as a means of defining and limiting a district court's authority to reduce a sentence under § 3582(c)." *Id.* at 239 (internal quotation and citation omitted). Williams concedes that his argument is foreclosed by *Doublin* but seeks to preserve the argument for possible Supreme Court review.

Accordingly, the Government's motion for summary affirmance is GRANTED, and the appeal is AFFIRMED. The Government's alternative motion for an extension of time in which to file a brief is DENIED as unnecessary.