# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 19, 2010

No. 09-60271
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EXDONOVAN PEAK,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:96-CR-36-1

Before JONES, Chief Judge, and GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Exdonovan Peak, federal prisoner # 08770-005, appeals the district court's denial of his 18 U.S.C. § 3582(c) motion to reduce the 365-month sentence imposed following his conviction for conspiracy to possess with intent to distribute cocaine. Peak sought a reduction in sentence pursuant to the amendments to the Sentencing Guidelines for crack cocaine. The district court determined that Peak did not qualify for a reduction because his offense involved over 4.5 kilograms of crack cocaine. *See* U.S.S.G. § 2D1.1, comment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(n.10(D)(ii)(I)).  Peak argues that he qualified for a two-level reduction in his base offense level because his offense involved less than 4.5 kilograms of crack cocaine and that the district court's reliance on the estimate in the presentence report that the conspiracy involved 16 kilograms of crack cocaine was insufficient.

Although the district court's decision whether to reduce a sentence ordinarily is reviewed for an abuse of discretion, we review the court's interpretation of the Guidelines de novo and its factual findings for clear error. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009), *cert. denied,* 2009 WL 3073270 (Nov. 2, 2009) (No. 09-6657); *United States v. Mimms*, 43 F.3d 217, 220 (5th Cir. 1995).  Because the trial evidence supports the district court's finding that the amount of crack cocaine involved in the offense exceeded 4.5 kilograms, the district court did not err in denying Peak's motion for a reduction of sentence.  *See* U.S.S.G. § 2D1.1, comment. (n.10(D)(ii)(I)).

AFFIRMED.