# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 10, 2010

Charles R. Fulbruge III
Clerk

No. 08-30832
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

BRANDON SMITH, also known as Taburk

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:00-CR-319-3

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Brandon Smith, federal prisoner # 27265-034, has appealed the sentence imposed after the district court granted his 18 U.S.C. § 3582(c)(2) motion for a reduction of sentence based on the United States Sentencing Commission's amendment to the Sentencing Guidelines concerning the base offense levels for crack cocaine offenses. Citing "all relevant factors, including the nature of the offense, defendant's prior history, and defendant's post-conviction conduct" and "particularly note[ing]" Smith's post-conviction conduct, the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reduced Smith's 188-month sentence to a 160-month term of imprisonment. Smith argues on appeal that his new sentence is an abuse of discretion because it is nine months greater than the amended advisory sentencing guidelines range, while his original sentence was at the top of the applicable sentencing guidelines range. He contends that his sentence is substantively unreasonable because it places undue reliance on the negative aspects of his prison record and fails to recognize his significant accomplishments.

We review the district court's decision whether to reduce a sentence for abuse of discretion and review de novo its interpretation of the Sentencing Guidelines. *See United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009).

A sentence reduction under § 3582(c)(2) is not a full sentencing proceeding; therefore, the reasonableness review standard derived from *United States v. Booker*, 543 U.S. 220 (2005), does not apply. *See United States v. Evans*, 587 F. 3d 667, 671-72 (5th Cir. 2009); *Doublin*, 572 F.3d at 237. The district court properly considered Smith's post-conviction conduct in determining the extent of the sentence reduction. *See Evans,* 587 F.3d at 673. Because the court was under no obligation to reduce Smith's sentence at all, it had no obligation to reduce it to the recalculated range. *See id*.

AFFIRMED.