# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 3, 2010

No. 09-40469
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EARL WILLIAMS, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:04-CR-106-20

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:*

Earl Williams, Jr., federal prisoner # 11541-078, pleaded guilty pursuant to an agreement to one count of conspiracy to possess with intent to distribute cocaine base.  The probation officer recommended sentencing Williams as a career offender pursuant to U.S.S.G. § 4B1.1.  At sentencing, the district court accepted the parties' stipulation in the agreement that Williams would be sentenced based upon a quantity of crack not less than five grams but no more than 20 grams.  Williams appeals the district court's denial of his pro se motion

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). The district court denied Williams's motion on the basis that he was ineligible since he was a career offender. The Government has moved for summary affirmance, arguing that because Williams was sentenced as a career offender, he was not eligible for relief under § 3582(c).

Because Williams's guideline range was not derived from the quantity of crack cocaine involved in the offense, but rather from his career offender status, the district court was correct in concluding that a sentencing reduction was not permitted. *See* § 3582(c)(2). This court will not consider Williams's argument that he was not sentenced as a career offender since he raises it for the first time in his response to the Government's motion. *See Yohey v. Collins*, 985 F.2d 222, 225, 227 (5th Cir. 1993); *see also United States v. Prince*, 868 F.2d 1379, 1386 (5th Cir. 1989). To the extent Williams contends that he is entitled to a reduction under § 3582(c)(2) since the amended guideline ranges are advisory under the principles set forth in *United States v. Booker,* 543 U.S. 220 (2005), his argument is foreclosed. *See United States v. Doublin*, 572 F.3d 235, 238 (5th Cir.), *cert. denied,* 130 S. Ct. 517 (2009).

Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time in which to file a brief is DENIED as unnecessary.