# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 15, 2010

Charles R. Fulbruge III
Clerk

No. 08-30606
Summary Calendar

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee,

versus

CEDRIC DEMOND BOWMAN,

                    Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
No. 1:00-CR-10018-2

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Cedric Bowman, federal prisoner # 10776-035, pleaded guilty of possession with intent to distribute more than 500 grams of cocaine. His guideline range

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of imprisonment was 262-327 months; he was sentenced to 262 months. The government then moved, pursuant to FED. R. CRIM. P. 35, to reduce the sentence for substantial cooperation. The district court granted the motion and lowered the sentence to 170 months. After the guidelines were amended to reduce the crack cocaine offense levels, Bowman moved to reduce the sentence under 18 U.S.C. § 3582(c)(2). He appeals the denial of that motion.

Bowman does not dispute the district court's determination that the new sentencing range under the amended crack cocaine guidelines is 210-262 months. He argues that although the order denying his § 3582(c)(2) motion notes that the reduced sentence is less than the amended guideline range, the order does not include any comparable reduction calculations and does not include a reduced sentence. Because Bowman raised this claim in the district court, it is reviewed for abuse of discretion. *See United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009).

Bowman argues further that the order does not mention the mandatory factors in § 3553(a) and amended § 1B1.10, comment. (n.1(B)) (Mar. 3, 2008), and that there is no mention of his educational accomplishments in prison, including his earning a GED. Because Bowman did not raise these challenges in the district court, they are reviewed for plain error. *See United States v. Evans*, 587 F.3d 667, 670-71 (5th Cir. 2009).

A district court's decision whether to reduce a sentence pursuant to § 3582-(c)(2) is discretionary, and the court need not provide reasons for denying such a motion. *Evans*, 587 F.3d at 673-74. The court did not abuse its discretion in denying the motion, and it did not err in not providing comparable reduction calculations. *See id.* Nor did it plainly err in not mentioning the § 3553(a) factors or Bowman's educational accomplishments in its order. *See Evans*, 587 F.3d at 672-73.

AFFIRMED.