# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 20, 2010

Lyle W. Cayce
Clerk

No. 08-31190
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WARREN D JONES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:98-CR-30019-1

Before SMITH, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Warren D. Jones, federal prisoner # 09940-035, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on the amendments to the crack cocaine Guideline. Although the district court reduced Jones's sentence, the court denied Jones's request to reduce his sentence below the amended guidelines range. Jones argues that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the district court had the discretion to depart from the amended guidelines range. He further argues that 28 U.S.C. § 994(u) does

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not grant the Sentencing Commission the authority to bind the district court's discretion in § 3582 cases.

We review a district court's decision whether to reduce a sentence under § 3582(c)(2) for an abuse of discretion, and its interpretation of the Sentencing Guidelines is reviewed de novo. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009). *Booker* is inapplicable to sentence reductions under § 3582(c)(2), and a district court cannot reduce a sentence below the minimum provided in the amended guidelines range. *Id.* at 238. Insofar as Jones challenges the reasonableness of his sentence at the bottom of the recalculated guidelines range, his argument is without merit. *See United States v. Evans*, 587 F.3d 667, 670-72 (5th Cir. 2009), *petition for cert. filed* (Jan. 28, 2010) (No. 09-8939). "The *Booker* reasonableness standard does not apply to § 3582(c)(2) proceedings." *Id.* at 672.

AFFIRMED.