# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 30, 2010

Lyle W. Cayce
Clerk

No. 08-10600
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GEORGE GIRARD JOHNSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:04-CR-41-2

Before KING, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

George Girard Johnson, federal prisoner # 32988-177, pleaded guilty to conspiracy to distribute, possess with intent to distribute, and manufacture 50 grams or more of cocaine base. The district court sentenced Johnson to 235 months of imprisonment, a sentence below the guidelines sentence range, based upon a joint request by Johnson and the Government. He appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence where the sentencing range is later lowered by the Sentencing Commission. *See* § 3582(c)(2). We review the district court's denial of a § 3582(c)(2) motion for abuse of discretion. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009).

Johnson argues that the district court abused its discretion by denying his § 3582(c)(2) motion simply because his sentence was within the amended guidelines range. He maintains that he should have received a sentence 10% below the amended guidelines range because his sentence was approximately 10% below the original guidelines range and that the district court should have considered the continuing discrepancy between crack and power cocaine sentences as noted by the Supreme Court in *Kimbrough v. United States,* 552 U.S. 85 (2007). Johnson further maintains that *United States v. Booker*, 543 U.S. 220 (2005), applies to § 3582(c)(2) proceedings and that the district court erred by considering the Guidelines to be mandatory.

Because Johnson was sentenced shortly after the opinion in *Booker* was issued, the probation officer prepared two different guidelines sentence range calculations. The original calculations were prepared normally, but the supplemental calculations considered only conduct that Johnson had admitted. At sentencing, the district court did not clearly indicate which guidelines sentence range calculations that it had adopted. Johnson has not shown that the district court abused its discretion by denying his § 3582(c)(2) motion whether the district court adopted the original or supplemental guidelines sentence range calculations.

In the presentence report, the probation officer found that Johnson was responsible for over 4.5 kilograms of cocaine base, and this figure was reflected in the original guidelines sentence range calculations. Thus, if the district court adopted the original guidelines sentence range calculations, Johnson was

ineligible for a sentence reduction because Amendment 706 did not lower his offense level. *See* Amend. 706; § 2D1.1(c)(1).

In his factual resume, Johnson admitted that he was responsible for 1.5 kilograms of cocaine base. This is the drug quantity upon which the supplemental guidelines sentence range calculations were based. Under these calculations, Johnson's sentence of 235 months of imprisonment falls within the amended guidelines sentence range. In denying Johnson's § 3582(c)(2) motion, the district court acknowledged that Johnson's sentence was within the amended guidelines range, and it specifically ruled that Johnson's sentence was appropriate based upon the 18 U.S.C. § 3553(a) sentencing factors. Given these circumstances, Johnson has not shown that the district court abused its discretion by denying his § 3582(c)(2) motion. *See United States v. Cooley*, 590 F.3d 293, 297 (5th Cir. 2009). Contrary to Johnson's assertion, *Booker* is not applicable in § 3582(c)(2) proceedings. *See Doublin*, 572 F.3d at 237-39.

AFFIRMED.