**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 2, 2012

Lyle W. Cayce
Clerk

No. 12-30160
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSEPH ROBICHEAUX,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:98-CR-60027-2

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Joseph Robicheaux, federal prisoner # 70986-079, appeals the district court's denial of a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based upon the amendment to the Guidelines that implemented the Fair Sentencing Act (FSA) of 2010. He argues that, even if his sentencing guidelines range was not lowered by the amendment, the district court can, after *Kimbrough v. United States*, 552 U.S. 85 (2007), reduce his sentence under § 3582(c)(2) based upon its consideration of the 18 U.S.C. § 3553(a) factors and his post-sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rehabilitative efforts.  The district court's ruling is reviewed for an abuse of discretion.  *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009).

Under the Guidelines, as amended by the FSA, Robicheaux's base offense level of 38 remained unchanged as he was held accountable for 35.6 kilograms of cocaine base, and, after the amendment, a base offense level of 38 applies to "8.4 KG or more of cocaine base."  *See* U.S.S.G. § 2D1.1(c)(1).  Robicheaux was thus ineligible for a sentence reduction because the amendment did not reduce his guidelines range.  *See* § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B). Moreover, the principles of *United States v. Booker*, 543 U.S. 220 (2005), and its progeny, including *Kimbrough*, do not apply to § 3582(c)(2) proceedings.  *See United States v. Dillon*, 130 S. Ct. 2683, 2691-94 (2010); *Doublin*, 572 F.3d at 238.

The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.  The Government's alternative motion for an extension of time in which to file a brief is DENIED as unnecessary.