# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 26, 2013

Lyle W. Cayce
Clerk

No. 12-40746
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL JOSEPH DERROW,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:98-CR-6-9

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Michael Joseph Derrow, federal prisoner # 03199-286, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion seeking modification of his 480-month sentence for conspiracy to distribute and to possess with the intent to distribute 50 grams or more of crack cocaine and possession with the intent to distribute 50 grams or more of crack cocaine. Derrow argues that the district court abused its discretion in denying his § 3582(c)(2) motion based on the retroactive effects of Amendment 750 and the Fair Sentencing Act (FSA). He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

asserts that Amendment 750 and the FSA effectively raised the threshold amount of crack cocaine necessary to trigger the statutory sentencing range of 10 years to life imprisonment under 21 U.S.C. § 841 to 280 grams and that he was responsible for only 50 grams of crack cocaine.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence in certain cases in which the sentencing range has been subsequently lowered by the Sentencing Commission. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). The district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion, while the court's interpretation of the Guidelines is reviewed de novo. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

Under the amended Guidelines, Derrow was responsible for the equivalent of 13,626.38 kilograms of marijuana, which results in a base offense level of 36. *See* U.S.S.G. §2D1.1(c)(2). After Derrow's four-level increase based on his role in the offense, his total offense level is calculated at 40. A total offense level of 40, combined with his Category V criminal history score, results in a guidelines range of 360 months to life imprisonment. *See* U.S.S.G. Ch. 5 Pt. A. At the time of Derrow's original sentencing, he faced the same guidelines range.

Because Derrow was not eligible for a sentence reduction under § 3582(c)(2), the district court did not abuse its discretion in denying Derrow's § 3582(c)(2) motion. *See Evans*, 587 F.3d at 672. Additionally, contrary to Derrow's assertion, the FSA has no applicability to him because he was sentenced before it took effect. *See Dorsey v. United States*, 132 S. Ct. 2321, 2335-36 (2012); *United States v. Doggins*, 633 F.3d 379, 384 (5th Cir. 2011). Accordingly, the judgment of the district court is AFFIRMED.