# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10751
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 15, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER GAMEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-35-2

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

After pleading guilty of conspiring to possess with intent to distribute a controlled substance, Defendant-Appellant Christopher Gamez was sentenced to 360 months of imprisonment, the bottom of the applicable guidelines range of 360-480 months. Gamez contends that the district court erred by denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the Sentencing Guidelines.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10751

We review de novo a district court's determination whether a defendant is eligible for a § 3582(c)(2) sentence reduction, and for abuse of discretion a decision whether to reduce a sentence pursuant to § 3582(c)(2). *United States v. Doublin*, 572 F.3d 235, 236-37 (5th Cir. 2009). In urging that the district court miscalculated his guidelines range under Amendment 782, Gamez fails to account for his receipt of a two-level increase as an organizer, leader, manager, or supervisor of criminal activity. *See* U.S.S.G. § 3B1.1(c). Gamez's guidelines range was not, in fact, lowered by Amendment 782 for the reasons stated by the district court. The district court thus did not err in holding that Gamez is not eligible for a § 3582(c)(2) sentence reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B), p.s. & comment. (n.1(A)); *Doublin*, 572 F.3d at 237.

AFFIRMED.