# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 12, 2010

No. 09-30267
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHARLES LEE GREEN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:02-CR-60053-1

Before JONES, Chief Judge, and GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Charles Lee Green, federal prisoner # 09415-035, filed a motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) in which he sought a reduction in his offense level based on Amendment 706 to the crack cocaine Guidelines. Green appeals the district court's denial of that motion.

The district court's decision whether to reduce a sentence ordinarily is reviewed for an abuse of discretion, but a district court's interpretation of the Guidelines is reviewed de novo. *United States v. Doublin*, 572 F.3d 235, 237 (5th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir.), *cert. denied*, 130 S. Ct. 517 (2009). Section 3582(c)(2) permits the discretionary modification of a defendant's sentence where the sentencing range is later lowered by the Sentencing Commission, "if such a reduction is consistent with the policy statements issued by the Sentencing Commission." *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). Sentence reductions under § 3582 are thus governed by the policy statements of the Guidelines. *Doublin*, 572 F.3d at 237.

Green's guidelines range was not derived from the quantity of crack cocaine involved in the offense, but rather from his career offender status. The district court was thus correct in concluding that a reduction was not permitted under § 3582(c)(2). *See* § 3582(c)(2). Green's argument that the district court had the discretion to reduce his sentence under § 3582 in light of *United States v. Booker,* 543 U.S. 220 (2005), is unavailing because "the concerns at issue in *Booker* do not apply in an 18 U.S.C. § 3582(c)(2) proceeding." *Doublin*, 572 F.3d at 238. Although the Guidelines must be treated as advisory in an original sentencing proceeding, *Booker* does not prevent Congress from incorporating a Guideline provision "as a means of defining and limiting a district court's authority to reduce a sentence under § 3582(c)." *Id.* at 239 (internal quotation marks and citation omitted).

The district court thus did not err in denying Green's motion for a reduction of sentence. The district court's judgment is AFFIRMED.