# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 17, 2010

Charles R. Fulbruge III
Clerk

No. 08-30615
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DANIEL HENDERSON, also known as Daniel D Henderson

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:00-CR-105-2

Before JOLLY, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Daniel Henderson, federal prisoner # 27004-034, pleaded guilty, pursuant to a plea agreement, to possession with intent to distribute 50 grams or more of cocaine base (crack) and 500 grams or more of cocaine hydrochloride and was sentenced, inter alia, to 151 months' imprisonment. Henderson appeals the denial of his motion for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) (modification of an imposed term of imprisonment based on a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing range that has subsequently been lowered), in the light of the recent amendment to the crack-cocaine sentencing guidelines (Amendment 706). In denying the motion, the district court noted that the original sentence was within the amended sentencing range.

Henderson claims the district court abused its discretion by: failing to consider relevant factors; failing to give sufficient reasons for denying the motion; and relying solely on the original sentence's being within the amended sentencing range.

The district court's decision whether to reduce a sentence is reviewed for an abuse of discretion. United States v. Evans, 587 F.3d 667, 672 (5th Cir. 2009), petition for cert. filed (28 Jan. 2010) (No. 09-8939). Section 3582(c)(2) permits the discretionary modification of defendant's sentence in certain cases where the advisory guidelines sentencing range has been subsequently lowered by the Sentencing Commission. United States v. Doublin, 572 F.3d 235, 237 (5th Cir.) cert. denied, 130 S. Ct. 517 (2009). In such cases, the district court may reduce the sentence after considering the applicable factors under 18 U.S.C. § 3553(a) and the applicable guideline policy statements. 18 U.S.C. § 3582(c)(2).

The sentencing court, however, is not required to provide reasons for its denial of a § 3582(c)(2) motion or to explain its consideration of the § 3553(a) factors. Evans, 587 F.3d at 673-74. If the record shows the district court gave due consideration to the motion as a whole and implicitly considered the § 3553(a) factors, there is no abuse of discretion. United States v. Whitebird, 55 F.3d 1007, 1010 (5th Cir. 1995).

The district court had the benefit of Henderson's motion to reduce his sentence, in which Henderson discussed and documented his good-conduct record and his vocational and educational accomplishments achieved since incarceration. The court also had access to the Crack Amendment Eligibility sheet prepared by a committee composed of a probation officer and representatives of the United States Attorney and the Federal Public Defender

Offices, and the court adopted the committee's undisputed findings regarding the guidelines calculations under Amendment 706. The court was also provided with Henderson's original presentence investigation report, his inmate profile, and his prison disciplinary records. The court's ruling indicates it understood Henderson's original sentence was within the amended sentencing range. It also reflects the court's consideration of that amended range and its determination that no reduction was warranted.

In sum, the district court gave due consideration to the motion to reduce and implicitly considered the § 3553(a) factors. Accordingly, there was no abuse of discretion in denying the motion to reduce.

AFFIRMED.