# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 7, 2010

No. 08-40958
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL JOSEPH DERROW,

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 9:98-CR-6-9

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Michael Joseph Derrow, federal prisoner # 03199-286, appeals the denial of his 18 U.S.C. § 3582 motion to reduce his 480-month sentence following his conviction for conspiracy to possess with the intent to distribute crack cocaine and possession with the intent to distribute crack cocaine. Derrow sought a reduction in his sentence based on Amendment 706 to the crack cocaine Guidelines. The Government has filed a motion for summary affirmance or,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alternatively, for an extension of time to file a brief on the merits. Derrow has moved to respond to the Government's motion.

Although the district court's decision whether to reduce a sentence ordinarily is reviewed for an abuse of discretion, a court's interpretation of the Guidelines is reviewed de novo. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.), *cert. denied,* 130 S. Ct. 517 (2009). Contrary to Derrow's argument that the district court failed to provide reasons for its denial, the sentencing court is not required to provide reasons for its denial of a § 3582 motion. *See United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009), *petition for cert. filed*, (Jan. 28, 2010) (09-8939). The district court did not provide reasons for its denial, but the order was entered after the Government filed its response arguing that Derrow's guidelines range was not altered by the amendments. Because the district court's denial of Derrow's motion was presumably based on a determination that Derrow's sentence remained the same under the amended Guidelines, review is de novo. *See id.*

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence where the sentencing range is later lowered by the Sentencing Commission, "if such a reduction is consistent with the policy statements issued by the Sentencing Commission." *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). Sentence reductions under § 3582 are thus governed by the policy statements of the Guidelines. *Doublin*, 572 F.3d at 237.

Under the amended Guidelines, Derrow's offense level was altered, but his guidelines range remained the same. Thus, a reduction was not permitted under § 3582(c)(2). *See* § 3582(c)(2). Derrow's arguments regarding the applicability of *United States v. Booker,* 543 U.S. 220 (2005), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), are unavailing because those concerns "do not apply in an 18 U.S.C. § 3582(c)(2) proceeding." *Doublin*, 572 F.3d at 238. Although the Guidelines must be treated as advisory in an original sentencing proceeding, *Booker* does not prevent Congress from incorporating a guideline provision "as

2

a means of defining and limiting a district court's authority to reduce a sentence under § 3582(c)." *Id.* at 239 (internal quotation marks and citation omitted).

The district court did not err in denying Derrow's motion for a reduction of sentence. The district court's judgment is AFFIRMED. The Government's motion for summary affirmance is GRANTED, and its motion for an extension of time is DENIED. Derrow's motion to file a response to the Government's motion for summary affirmance is DENIED.