# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 25, 2010

No. 09-31116
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT THOMAS, also known as Rob Thomas,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CR-257-2

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Robert Thomas, federal prisoner # 28532-034, appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c). Thomas argues that although the district court originally imposed a sentence well below his advisory range under the Sentencing Guidelines, the court should have further reduced his sentence following the amendment of the Guidelines relative to crack cocaine offenses. *See United States v. Doublin*, 572 F.3d 235, 236 (5th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir.), *cert. denied*, 130 S. Ct. 517 (2009); U.S.S.G. supp. to App. C, amend. 706 (2007).

We review the district court's decision whether to reduce a sentence under § 3582(c)(2) for an abuse of discretion. *Doublin*, 572 F.3d at 237. A district court is under no obligation to reduce a § 3582 movant's sentence. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 2010 WL 390721 (June 21, 2010) (No. 09-8939). Further, the court is not required to provide reasons for denying a § 3582 motion. *United States v. Cooley*, 590 F.3d 293, 298 (5th Cir. 2009).

The district court noted that Thomas brought his § 3582 motion based on Amendment 706 of the Sentencing Guidelines and, thus, impliedly considered the sentencing disparity between cocaine and crack cocaine offenses. Further, the court did not disregard the arguments advanced by Thomas in support of his motion, but rather determined that they did not outweigh the leniency already afforded Thomas when he received a sentence that was substantially lower than both his original and his amended guideline imprisonment range. No abuse of discretion has been shown. Accordingly, we need not consider Thomas's argument concerning the extent of a reduction that was warranted.

AFFIRMED.