# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 24, 2010

No. 08-31156
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JULIUS WARNER MARACALIN, also known as Big Warner,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:95-CR-4-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Julius Warner Maracalin, federal prisoner # 02617-095, moves for leave to proceed in forma pauperis (IFP) from the district court's order denying him a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines. The district court denied Maracalin leave to proceed IFP.

Maracalin argues that the district court erred by treating the Guidelines and the post-amendment sentencing range as mandatory, in violation of *United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*States v. Booker,* 543 U.S. 220 (2005) and contends that the district court should have considered his prison record when determining the sentence to be imposed. He argues that the district court should have considered his arguments that the drug quantity finding, firearm and role adjustments, and fine in his case violated *Booker,* and that the district court should have considered a departure pursuant to *Kimbrough v. United States,* 552 U.S. 85 (2007).

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence in certain cases where the sentencing range has been subsequently lowered by the Sentencing Commission. *See United States v. Doublin,* 572 F.3d 235, 237 (5th Cir.), *cert. denied,* 130 S. Ct. 517 (2009). In such cases, the district court may reduce the sentence after considering the applicable factors of 18 U.S.C. § 3553(a) and the pertinent guideline policy statements. § 3582(c)(2). The district court's decision whether to reduce a sentence under section 3582(c)(2) is reviewed for abuse of discretion. *United States v. Evans,* 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied,* 130 S.Ct. 3462 (2010). An abuse of discretion occurs when a ruling is grounded in a legal error or a clearly erroneous analysis of the evidence. *In re Sealed Appellant*, 194 F.3d 666, 670 (5th Cir. 1999).

District courts are limited to the reduction allowed by the two-level decrease in a defendant's offense level resulting from the application of Amendment 706; they may not depart downwardly from the resulting offense level. *Doublin,* 572 F.3d at 237-39. Maracalin's arguments as to the amendment based on *Booker* and *Kimbrough* therefore are unavailing. Moreover, "[a] § 3582(c)(2) motion is not a second opportunity to present mitigating factors to the judge, nor is it a challenge to the appropriateness of the original sentence." *United States v. Whitebird,* 55 F.3d 1007, 1011 (5th Cir. 1995). The district court thus did not err by declining to address as § 3582(c)(2) issues, specifically Maracalin's contentions regarding drug quantity, offense level adjustments, and the fine imposed with regard to his original sentencing.

Maracalin attached to his pro se section 3582(c)(2) motion a progress report indicating that he has received good work evaluations, undergone counseling, and pursued educational opportunities in prison. The district court did not mention the progress report in the order denying section 3582(c)(2) relief. However, the report was before the district court, and the district court articulated extensive reasons for denying Maracalin a sentence reduction. The district court presumptively considered Maracalin's progress report and determined that the factors against a reduction outweighed Maracalin's progress towards rehabilitation. *See Evans,* 587 F.3d at 673.

Maracalin has failed to demonstrate that his appeal involves legal points arguable on their merits. His IFP motion is DENIED. *See Howard v. King,* 707 F.2d 215, 220 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. *See United States v. Boutwell,* 896 F.2d at 884, 889 (5th Cir. 1990).