# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 27, 2010

Lyle W. Cayce
Clerk

No. 08-10364
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JESSE JACKSON, JR., also known as Jesse Oliver Jackson, Jr.,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:96-CR-68-9

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jesse Jackson, Jr., federal prisoner # 29142-077, appeals pro se from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on the crack cocaine amendments to the Sentencing Guidelines. Section 3582 allows a district court to reduce a term of imprisonment that was "based on a sentencing range that has subsequently been lowered by" an amendment to the Guidelines. 18 U.S.C. § 3582(c)(2).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-10364

Due to the amount of crack cocaine involved, Jackson's offense level was not reduced by the crack cocaine amendment.  Therefore, he was not eligible for a sentence reduction under Section 3582.

Jackson argues that the sentencing court should have exercised its discretion under *United States v. Booker*, 543 U.S. 220 (2005), and imposed a "reasonable" sentence below the guidelines range based on the sentencing factors of 18 U.S.C. § 3553(a).  He asserts that his sentence was not reasonable because the district court treated the Sentencing Guidelines as mandatory.  *Booker* does not apply to a Section 3582(c)(2) proceeding.  *Dillon v. United States*, 130 S. Ct. 2683, 2691-94 (2010). Accordingly, a movant under Section 3582 is entitled at most to the reduction allowed by the amended guidelines range, and a sentencing court lacks discretion to reduce the sentence any further than that allowed by the amendment.  *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir.), *cert denied*, 130 S. Ct. 517 (2009).  Because Jackson was not entitled to a sentence reduction based on the crack cocaine amendment, no relief is available under Section 3582.  *See Id*.

The judgment of the district court is AFFIRMED.