# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 1, 2010

Lyle W. Cayce
Clerk

No. 09-50029
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BOBBY BENTON LADD,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:06-CR-107-ALL

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Bobby Benton Ladd, federal prisoner # 56834-180, has appealed the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on recent amendments to the Sentencing Guidelines. Ladd moves for permission to appeal in forma pauperis (IFP) and he requests appointment of appellate counsel. The district court has certified that the appeal is not in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-50029

Ladd argues that he has a constitutional right to counsel in seeking § 3582(c)(2) relief; the district court should have held a hearing; and the court abused its discretion by denying his § 3582(c)(2) motion.

Ladd had no right to appointment of counsel or to be present at a hearing in a § 3582(c)(2) proceeding. *See United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995); FED. R. CRIM. P. 43(b)(4).  The denial of Ladd's § 3582 motion was not an abuse of discretion, as the district court based its decision on the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Doublin*, 572 F.3d 235, 237-38 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009).  Ladd has failed to show that he will raise a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Accordingly, his motions for IFP and appointment of counsel are DENIED.   Because the appeal is frivolous, it is DISMISSED.   *See* 5th Cir. R. 42.2.