# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 8, 2010

No. 08-10377
Conference Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRIS JACKSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CR-250-1

Before KING, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Chris Jackson, federal prisoner # 06914-089, was convicted by a jury of one count of possession with intent to distribute 30 grams of cocaine, one count of carrying a firearm during and in relation to a drug trafficking offense, and two counts of possession of a firearm by a felon. Following amendments to the Sentencing Guidelines reducing the base offense levels for crack cocaine offenses, Jackson filed a motion for a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2). The court granted the motion and reduced Jackson's sentence on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-10377

the drug possession count to 137 months, within the amended range of 110 to 137 months.

Jackson now appeals.  He argues that the district court's statement that it had considered the 18 U.S.C. § 3553(a) factors was insufficient; that the court failed to give sufficient consideration to the § 3553(a) factors, particularly his postsentencing rehabilitation efforts; that because the Guidelines are advisory after *United States v. Booker*, 543 U.S. 220 (2005), the district court had authority to reduce his sentence below the amended range; and that his resulting sentence was unreasonable.

Jackson's arguments are without merit.  A § 3582(c)(2) proceeding is not a full resentencing subject to the mandates of *Booker*.  *Dillon v. United States*, 130 S. Ct. 2683, 2691-94 (2010); *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009).  We review for abuse of discretion rather than under the *Booker* reasonableness standard, and we find none.  *See United States v. Evans*, 587 F.3d 667, 671-72 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010).  The district court expressly stated that it had considered the § 3553(a) factors and Jackson's postsentencing conduct.  This was sufficient.  *See id.* at 673-74.  Further, as the court had no obligation to reduce Jackson's sentence at all, it did not abuse its discretion by failing to reduce it further within the amended guidelines range.  *See id.* at 673.  Finally, the district court had no authority to reduce Jackson's sentence below the amended range.  *See Doublin*, 572 F.3d at 238.

The judgment of the district court is AFFIRMED.