# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 8, 2010

Lyle W. Cayce
Clerk

No. 08-40621
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MOSES ROGERS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:95-CR-26-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Moses Rogers, federal prisoner # 05596-078, appeals the district court's denial of his motion pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence for possession with intent to distribute cocaine. Rogers argues that he is entitled to a sentence reduction under § 3582(c)(2) based on Amendments 706 and 715 to the United States Sentencing Guidelines. He asserts that the refusal of the district court to grant him a sentence reduction based upon these amendments was contrary to the policy statements of U.S.S.G. § 1B1.10(a). The Government has filed a motion for summary affirmance or, alternatively, for an extension of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

time within which to file a brief.  The district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for abuse of discretion.  *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010).

Rogers has not demonstrated that the district court wrongly denied his § 3582(c)(2) motion.  Rogers was not eligible for a sentence reduction pursuant to § 3582(c)(2).  The sentence that Rogers received –i.e., the statutory maximum sentence – would remain the applicable sentence after any sentence reduction because Rogers's post-amendment guidelines range continued to exceed the statutory maximum.  Thus, because the crack cocaine amendments would not have the effect of reducing Rogers's advisory guidelines range, the district court properly found that Rogers was ineligible for a sentence reduction under § 3582(c)(2).  *See* § 1B1.10(a)(2)(B).

Rogers also argues that the district court committed procedural error and abused its discretion by failing to address the factors delineated in 18 U.S.C. § 3553(a) and by failing to adhere to the prescriptions of *United States v. Booker*, 543 U.S. 220 (2005).  However, because the amendments did not impact Rogers's guidelines range, and thereby rendered him ineligible for a sentence reduction, the district court was not required to consider the § 3553(a) factors.  *See* § 1B1.10(a)(2)(B).  Furthermore, the Supreme Court's decision in *Booker* does not apply to sentence reductions under § 3582(c)(2) because such proceedings are not full resentencings.  *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009); *see also Dillon v. United States*, 130 S. Ct. 2683, 2691-93 (2010).  Rogers's arguments therefore are unavailing.

In light of the foregoing, the Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.  The Government's alternative motion for an extension of time to file a brief is DENIED as unnecessary.