# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 13, 2010

Lyle W. Cayce
Clerk

No. 09-10066
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROSE MARY AUBREY, also known as Rose,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CR-311-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Rose Mary Aubrey, federal prisoner # 34761-077, was convicted of conspiracy to possess with intent to distribute (1) in excess of five kilograms of cocaine, (2) in excess of fifty grams of crack cocaine, and (3) in excess of one hundred kilograms of marijuana, all in violation of 21 U.S.C. § 846. She appeals the district court's denial of her 18 U.S.C. § 3582(c)(2) motion for reduction of sentence. We review the district court's denial of a § 3582(c)(2) motion for abuse

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of discretion. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009).

Aubrey argues that the district court abused its discretion by denying her § 3582(c)(2) motion. She maintains that the sentencing court never made any findings regarding the quantity of drugs attributable to her and that *United States v. Booker*, 543 U.S. 220 (2005), is applicable to § 3582(c)(2) proceedings. Aubrey also argues that the district court erred in denying her motion for appointed counsel.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence only where the defendant's sentencing range is actually lowered by the Sentencing Commission. *See* § 3582(c)(2). Because Aubrey was held accountable for more than 4.5 kilograms of cocaine base, Amendment 706 to the Sentencing Guidelines, which modified the sentencing ranges applicable to crack cocaine offenses, did not change her sentencing range. *See* U.S.S.G. Supp. to App'x C, Amend. 706; § 2D1.1(c)(1). Further, a § 3582(c)(2) motion "is not a second opportunity to present mitigating factors to the sentencing judge, nor is it a challenge to the appropriateness of the original sentence." *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995). Finally, contrary to Aubrey's assertion, *Booker* is not applicable in § 3582(c)(2) proceedings. *See Dillon v. United States,* 130 S. Ct. 2683, 2691-94 (2010); *Doublin*, 572 F.3d at 237-39. The district court also did not err in failing to appoint counsel to represent Aubrey in connection with her § 3582(c)(2) motion. *See Whitebird*, 55 F.3d at 1010-11.

AFFIRMED.