# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 11, 2011

No. 10-10763
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KENNETH A. JONES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:94-CR-147-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Kenneth A. Jones, federal prisoner # 26216-077, appeals the district court's denial of his 18 U.S.C. § 3582 motion to reduce his 310-month sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute methamphetamine. Jones argues that the policy statement in U.S.S.G. 1B1.10, p.s., that only the amendments listed in § 1B1.10(c) may be applied retroactively is contrary to the holding in *United States v. Booker,* 543 U.S. 220 (2005), and that the district court's decision to apply amendments is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

now discretionary. He contends that § 1B1.10 and § 3582 are unconstitutional insofar as they apply a mandatory sentencing scheme.

Section 3582(c)(2) permits the discretionary reduction of a defendant's sentence where the sentencing range is later lowered by the Sentencing Commission. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.), *cert. denied,* 130 S. Ct. 517 (2009). However, it applies only to retroactive guidelines amendments, as set forth in the guidelines policy statement. *See* § 1B1.10(a), p.s.; *United States v. Shaw*, 30 F.3d 26, 28-29 (5th Cir. 1994). The district court's interpretation or application of the Guidelines is reviewed de novo while its decision whether to reduce a sentence is reviewed for an abuse of discretion. *Doublin*, 572 F.3d at 237. Amendment 709 is not listed as an amendment covered by the policy statement in § 1B1.10(c). *See* § 1B1.10(c). Thus, the district court was not authorized to reduce a sentence based on Amendment 709. *See* § 1B1.10, comment. (n.1(A)).

Insofar as Jones relies on *Booker,* the Supreme Court and this court have determined that *Booker* does not apply to sentencing reductions under § 3582 and that it does not alter the mandatory character of § 1B1.10's limitations on sentence reductions. *Dillon v. United States,* 130 S. Ct. 2683, 2692 (2010); *Doublin,* 572 F. 3d at 238. Thus, Jones's argument that the district court was not bound by the policy statement in light of *Booker* has no merit.

Jones also argues that the Supreme Court recognized in *Rita v. United States*, 551 U.S. 338 (2007), and *Kimbrough v. United States*, 552 U.S. 85 (2007), that the district court may depart from the Guidelines. These Supreme Court cases did not hold that the district court may depart from the guidelines range although the guideline amendment relied upon by the movant is not listed in § 1B1.10(c). The limitations in § 1B1.10 are mandatory and, thus, would preclude such a departure. *Doublin,* 572 F.3d at 237-38.

The district court did not err in denying the motion to reduce Jones's sentence. The sentence is AFFIRMED.