# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 14, 2011

No. 08-40878
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NATHANIEL HOWARD THOMAS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:98-CR-14-27

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Nathaniel Howard Thomas, federal prisoner # 07052-078, was convicted of conspiracy to possess with intent to distribute controlled substances, possession with intent to distribute and distribution of cocaine base, and distribution of a controlled substance within 1,000 feet of a playground. He was sentenced to concurrent 235-month prison terms on each count. Pursuant to Amendment 706 to the Sentencing Guidelines and 18 U.S.C. § 3582(c)(2), the district court subsequently reduced his sentence to 188 months of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-40878

On appeal of the reduction, Thomas argues that the district court was without authority to impose the original sentence and erred by failing to reduce his sentence below 188 months.  Both of these issues are foreclosed.

A § 3582(c)(2) proceeding is not a full resentencing but an opportunity for a sentence reduction based on limited circumstances prescribed by the Sentencing Commission.  *Dillon v. United States*, 130 S. Ct. 2683, 2691-94 (2010); *United States v. Doublin*, 572 F.3d 235, 236-39 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009). As the issue related to the original sentence was unaffected by the amendments to the Sentencing Guidelines, the district court lacked authority to address the issue pursuant to a motion under § 3582(c)(2).

A district court may reduce a defendant's sentence under § 3582(c)(2) below the minimum of the amended guideline range only if the defendant's sentence was below the guideline range applicable at the time of the original sentencing.  *See Dillon*, 130 S. Ct. at 2691-92.  Contrary to Thomas's allegation, the original sentence was not less that the applicable guidelines range at the time, and the district court could not have imposed a sentence less than 188 months pursuant to a motion under § 3582(c)(2) based on the amended guidelines.

The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.  The Government's alternative motion for an extension of time to file a brief is DENIED.