# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 26, 2012

Lyle W. Cayce
Clerk

No. 12-10021
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DONNIE RAY WILLARD, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:02-CR-83-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se, Donnie Ray Willard, Jr., federal prisoner # 28690-177, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence in light of Amendment 750 to the Sentencing Guidelines. Willard pleaded guilty to possession with intent to distribute more than 50 grams of cocaine base (crack cocaine) and was sentenced to 188 months in prison.

The district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion, while the court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

interpretation of the Guidelines is reviewed de novo. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). Section 3582(c)(2) permits the discretionary modification of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." § 3582(c)(2); *see United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009).

As an initial matter, the record refutes Willard's assertions that the Government failed to determine whether he was eligible for a sentencing reduction and that the Government and the district court, in finding that he was not entitled to a reduction, incorrectly determined that he was a career offender. The district court agreed with the Government that, although Willard was eligible for § 3582(c)(2) relief based on Amendment 750, the court should not exercise its discretion to grant such relief.

We also find without merit Willard's arguments that the district court, in denying him a reduction under Amendment 750, accorded too much weight to his post-conviction disciplinary record, failed to accord proper weight to his post-conviction rehabilitative conduct, and failed to properly consider the § 3553(a) factors. The sentencing court's decision whether to reduce a defendant's sentence is informed by the applicable § 3553(a) factors and the pertinent guideline policy statements. § 3582(c)(2). The district court may also consider Willard's post-sentencing conduct occurring after imposition of the original term of imprisonment. *See United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008). The record reflects sufficient consideration of Willard's post-sentencing conduct and the § 3553(a) factors. *See Evans*, 587 F.3d at 672-74.

Willard's argument that he is entitled to relief under the Fair Sentencing Act of 2010 (FSA) is without merit. A § 3582(c)(2) proceeding is not a full resentencing, *Dillon v. United States,* 130 S. Ct. 2683, 269-94 (2010), and is limited to the consideration only of retroactive amendments to the Guidelines.

Thus, although the FSA led to Amendment 750, the FSA, standing alone, has no implications for a § 3582(c)(2) proceeding.

Lastly, Willard has not shown that the interests of justice required the appointment of counsel as the § 3582(c)(2) motion did not involve complicated or unresolved issues. *See Robinson,* 542 F.3d at 1052. The judgment of the district court is AFFIRMED.