**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 25, 2012

No. 12-10178
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRENDA LEE FORD,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:95-CR-16-1

Before  HIGGINBOTHAM, OWEN, and, SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Brenda Lee Ford, federal prisoner # 26255-077, appeals the denial of her 18 U.S.C. § 3582(c)(2) motion to reduce her sentence in light of Amendment 750 to the Sentencing Guidelines.  Ford's motion to supplement her brief is GRANTED.

The district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion, while the court's interpretation of the Guidelines is reviewed de novo. *United States v. Evans*, 587

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10178

F.3d 667, 672 (5th Cir. 2009). Section 3582(c)(2) permits the discretionary modification of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." § 3582(c)(2); *see United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009).

Ford was sentenced following a 1995 conviction for conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine. Her original aggregate sentence of 324 months was reduced to 262 months following a § 3582(c)(2) motion based on an earlier amendment to the Sentencing Guidelines. In this case, the district court found that the amount of drugs for which Ford was accountable yielded a total offense level of 34 when calculated either prior to or after Amendment 750. Ford has identified no error in this finding. Her principal argument is that the district court abused its discretion because the court did not go below the advisory range to correct the unwarranted sentencing disparity between crack and powder cocaine. In the context of a § 3582(c)(2) motion, a sentencing court lacks discretion to reduce a sentence further than the reduction allowed pursuant to § 1B1.10 of the Sentencing Guidelines. *United States v. Doublin*, 572 F.3d at 238. Ford's argument is unavailing, and the judgment of the district court is AFFIRMED.