# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 1, 2012

Lyle W. Cayce
Clerk

No. 12-10041
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID EARL KATES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:97-CR-42-1

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

David Earl Kates, federal prisoner # 30428-077, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence in light of Amendment 750 to the Sentencing Guidelines. The district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion, while the court's interpretation of the Guidelines is reviewed de novo. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). Section 3582(c)(2) permits the discretionary modification of a defendant's sentence "in the case of a defendant

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10041

who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." § 3582(c)(2); *see United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009).

Kates was convicted by a jury of possession with intent to distribute cocaine base and was sentenced to 360 months in prison. The district court found that the retroactive guidelines amendment would not reduce Kates's total offense level because he was sentenced as a career offender. Kates has identified no error in this finding. His principal argument is that the district court should have gone below the advisory range to correct the unwarranted sentencing disparity between crack and powder cocaine offenses. In the context of a § 3582(c)(2) motion, a sentencing court lacks discretion to reduce a sentence further than the reduction allowed pursuant to U.S.S.G. § 1B1.10 of the Sentencing Guidelines. *Doublin*, 572 F.3d at 238. Kates's argument is unavailing, and the judgment of the district court is AFFIRMED.