# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 4, 2012

No. 12-10219
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT TAYLOR, also known as Smutty,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:06-CR-23-9

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Robert Taylor, federal prisoner # 34588-177, was sentenced to 262 months of imprisonment following his plea of guilty to possession with intent to distribute more than 50 grams of crack cocaine. In 2008, following an amendment to the Sentencing Guidelines that lowered the offense levels for crack cocaine offenses (Amendment 706), the district court granted Taylor's motion pursuant to 18 U.S.C. § 3582(c)(2) and reduced his sentence to a total of 210 months of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In 2011, Taylor again moved pursuant to § 3582(c)(2) for a sentence reduction based on a subsequent amendment to the crack cocaine guidelines (Amendment 750). The district court denied Taylor's motion, and Taylor now appeals that denial. He argues that the district court abused its discretion in denying his § 3582(c)(2) motion for a reduction in his sentence.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence in certain cases where the sentencing range has been subsequently lowered by the Sentencing Commission. *See United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). In such cases, the district court may reduce a sentence after considering the applicable factors under 18 U.S.C. § 3553(a) and the applicable guideline policy statements. § 3582(c)(2). The district court's determination of whether to reduce a sentence is reviewed for an abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

A review of the record reveals that in denying Taylor's § 3582(c)(2) motion, the district court properly considered the § 3553(a) factors, guideline policy statements, Taylor's self-improvement achievements, and Taylor's lack of disciplinary incidents. *See Evans*, 587 F.3d at 672-73; U.S.S.G. § 1B1.10; § 3582(c)(2). Taylor has not shown that the district court abused its discretion in denying his § 3582(c)(2) motion. *See Evans*, 587 F.3d at 672-73.

AFFIRMED.