# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 17, 2012

No. 12-10111
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TIMOTHY NEWMAN BROWN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:95-CR-16-2

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

In July 1995, a jury convicted Timothy Newman Brown, federal prisoner # 26240-077, of one count of conspiracy to possess with intent to distribute more than 50 grams of crack cocaine, two counts of possession with intent to distribute 50 grams or more of crack cocaine, and two counts of using a firearm during a drug-trafficking crime. The district court sentenced Brown to a total of 624 months. This court later overturned Brown's convictions on both firearms counts, upheld the remaining convictions, and remanded the case to the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court for a new trial on one of the firearms counts. *United States v. Brown*, 102 F.3d 1390, 1400 (5th Cir. 1996). The Government filed a motion to dismiss the firearms counts, and the district court granted it; the district court issued an amended judgment reflecting Brown's new total sentence of 324 months of imprisonment.

In 2011, Brown moved pursuant to § 3582(c)(2) for a sentence reduction based on an amendment to the crack cocaine guidelines (Amendment 750). The district court denied Brown's motion, and Brown now appeals that denial. He argues that the district court abused its discretion in denying his § 3582(c)(2) motion for a reduction in his sentence.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence in certain cases where the sentencing range has been subsequently lowered by the Sentencing Commission. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). In such cases, the district court may reduce a sentence after considering the applicable factors under 18 U.S.C. § 3553(a) and the applicable guideline policy statements. § 3582(c)(2). The district court's determination of whether to reduce a sentence is reviewed for an abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

Our review of the record reveals that in denying Brown's § 3582(c)(2) motion, the district court properly considered the § 3553(a) factors, guideline policy statements, and Brown's self-improvement achievements. *See Evans*, 587 F.3d at 672-73; U.S.S.G. § 1B1.10; § 3582(c)(2). Brown has not shown that the district court abused its discretion in denying his § 3582(c)(2) motion. *See Evans*, 587 F.3d at 672-73.

Brown also argues that his sentence is in excess of the statutory maximum because the district court did not find a specific quantity of drugs and was therefore limited to a statutory maximum of 20 years.

Section 3582(c)(2) proceedings are not "plenary resentencing proceedings" but rather, are "a narrow exception to the rule of finality" of judgments and "do

not implicate the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt." *Dillon v. United States*, 130 S. Ct. 2683, 2692 (2010). Even if this court had jurisdiction to consider this claim, the claim would fail; Brown was convicted by a jury of possessing with the intent to distribute more than 50 grams of crack cocaine, an offense that supports the statutory maximum sentence of 40 years under the Fair Sentencing Act. 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) (2011). Brown's sentence of 324 months is not in excess of the statutory maximum. *Id.*

Brown's request for the appointment of counsel is denied.

AFFIRMED; MOTION DENIED.