**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2012

No. 12-50161
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EMMETT TILLMAN WOODS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:07-CR-224-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

In 2007, Emmett Tillman Woods, federal prisoner # 83343-180, pleaded guilty to conspiracy to possess with intent to distribute cocaine base and possession of a firearm in furtherance of a drug trafficking crime. Woods was sentenced to 92 months of imprisonment. Woods moves this court to proceed in forma pauperis (IFP) on appeal following the denial of his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). By doing so, he challenges the district court's IFP determination. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 1997).  This court's inquiry into whether an appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Contrary to Woods's assertion, the district court correctly concluded that Woods was not entitled to relief based on Amendment 750 because, even without consideration of the crack cocaine in this case, Woods was responsible for 662 grams of powder cocaine, which drug quantity alone results in the same base offense level, 26, and the same guidelines range of 92 to 115 months of imprisonment.  *See* U.S.S.G. § 2D1.1(c)(7).  Because retroactive Amendment 750 did not result in a lower sentencing guidelines range in Woods's case, the policy statements precluded the district court from modifying his sentence.  *See United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009).  As such, Woods's argument that the district court erred when it denied relief without considering the sentencing factors of 18 U.S.C. § 3553(a) is unavailing.  *See* § 3582(c)(2).

Woods has failed to demonstrate a nonfrivolous issue for appeal. Accordingly, his motion for leave to proceed IFP is denied, and the appeal is dismissed as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

IFP MOTION DENIED; APPEAL DISMISSED.