# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 26, 2013

Lyle W. Cayce
Clerk

No. 12-30667
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MELVIN LUTCHER, also known as Mel, also known as Big Mel,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CR-338-2

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Melvin Lutcher, federal prisoner # 21092-034, was convicted of conspiracy to possess with intent to distribute crack cocaine and powder cocaine and of use of a communication facility to facilitate the commission of his drug offense. He was sentenced in 2005 to 293 months of imprisonment on the drug charge and 48 months on the communication facility charge, with the sentences to be served concurrently. In 2011, he sought relief pursuant to 18 U.S.C. § 3582(c)(2), based on the Fair Sentencing Act of 2010 (FSA) and the amendments to the Sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30667

Guidelines that were implemented in the wake of the FSA. The district court granted Lutcher's motion and reduced the sentence to 240 months of imprisonment.

On appeal, Lutcher first argues that he was deprived of due process because he was not provided with a copy of a supplement to his presentence report. However, there was no such supplement, and Lutcher's contention lacks a basis in fact.

Next, Lutcher contends that the district court erred by failing to apply the FSA and the guideline amendments arising from the FSA. He further argues that his new sentence should have been based on the subsection of the current 21 U.S.C. § 841 applicable to 50 grams of crack cocaine.

The FSA is inapplicable to Lutcher's case, as he was sentenced before the effective date of the FSA. *See United States v. Doggins*, 633 F.3d 379, 384 (5th Cir. 2011). The pre-FSA version of § 841 remains applicable to Lutcher's sentence. Because Lutcher's sentence was enhanced pursuant to 21 U.S.C. § 851, he remains subject to a mandatory minimum sentence of 20 years of imprisonment. *See* § 841(b)(1)(A)(iii) (2005). The 20-year mandatory minimum is higher than the guideline sentencing range the district court calculated based on the amended guidelines, so the 20-year mandatory minimum became the guideline sentencing range. U.S.S.G. § 5G1.1(b). The district court could not have reduced Lutcher's sentence below 240 months. *See United States v. Doublin,* 572 F.3d 235, 237 (5th Cir. 2009).

Lutcher has failed to demonstrate that the district court's reduction of his sentence to 240 months was an abuse of discretion. *See United States v. Evans,* 587 F.3d 667, 672 (5th Cir. 2009).

AFFIRMED.