# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31059
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 23, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SEBASTIAN RICHARDSON, also known as Bam Bam,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:94-CR-50068-2

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Sebastian Richardson, federal prisoner # 08744-035, appeals the district court's 18 U.S.C. § 3582(c)(2) reduction of his sentence in light of the Fair Sentencing Act of 2010 from 420 months of imprisonment to 405 months of imprisonment; his sentence falls within the reduced guidelines range.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence "in the case of a defendant who has been sentenced to a term of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2); *see United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). If the court determines that the movant is eligible for a sentence modification pursuant to U.S.S.G. § 1B1.10, as it did in this case, it must then consider the § 3553(a) factors to decide whether a reduction "is warranted in whole or in part under the particular circumstances of the case." *Dillon v. United States*, 560 U.S. 817, 826-27 (2010); *see United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009). The district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion. *Evans*, 587 F.3d at 672.

Contrary to Richardson's assertions, the district court's order shows that it considered the § 3553(a) factors, and it was under no obligation to reduce his sentence further. *See Evans*, 587 F.3d at 673. Nor was the district court required to provide reasons for why it chose not to further reduce his sentence. *Id.* at 674. Richardson fails to show that the district court abused its discretion. *Id.* at 672.

AFFIRMED.