# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10948
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 10, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JASON LANCE DICKERSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-214-2

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jason Lance Dickerson, federal prisoner # 47139-177, appeals the denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) based upon Amendment 782 to the Sentencing Guidelines. He maintains that the district court failed to consider whether he was eligible for a reduction in light of the 18 U.S.C. § 3553(a) factors and the need for rehabilitation. Dickerson further suggests that the district court inordinately relied on the guideline sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

range, failed to consider the policies underlying Amendment 782, and violated *United States v. Booker*, 543 U.S. 220 (2005).

The record reflects that Dickerson was ineligible for a sentence reduction under § 3582(c)(2) because Amendment 782 did not have the effect of lowering his sentencing range. His guideline sentencing range at his initial sentencing exceeded the statutory maximum sentence that applied to his offense; thus, his sentencing range was restricted to the statutory maximum punishment. *See* U.S.S.G. § 5G1.1(a). If Dickerson was granted the two-level reduction provided by Amendment 782, his guideline sentencing range would remain greater than the statutory maximum sentence; his amended guideline sentencing range also would be limited to the statutory maximum punishment. *See id.* Accordingly, because Amendment 782 would not reduce Dickerson's sentencing range, the district court properly found that he was ineligible for relief under § 3582(c)(2). *See* U.S.S.G. § 1B1.10(a)(2)(B) & comment. (n.1(A)); *Dillon v. United States*, 560 U.S. 817, 826 (2010).

Dickerson's challenges to the district court's ruling lack merit. Because he was ineligible for a reduction under Amendment 782, there was no basis for the district court to consider the § 3553(a) factors or the need for rehabilitation. Furthermore, the district court did not have to review the policies underlying Amendment 782 because they did not implicate his eligibility for relief under § 3582(c)(2). His assertion that the district court violated *Booker* is unavailing because *Booker* does not apply to § 3582(c)(2) proceedings. *See United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009).

Therefore, the district court did not abuse its discretion in denying relief. *See United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). Accordingly, the judgment of the district court is AFFIRMED.