# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-51142
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 22, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID ALLEN LANG,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:05-CR-143-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

David Allen Lang, federal prisoner # 57600-180, has moved for leave to proceed in forma pauperis (IFP) to appeal the denial of his motion for a reduction of his sentence for possession with intent to distribute more than 50 grams of actual methamphetamine. *See* 18 U.S.C. § 3582(c)(2). The district court denied him leave to proceed IFP on the ground that his appeal is not taken in good faith and is frivolous. By moving for leave to proceed IFP, Lang

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-51142

has challenged the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into Lang's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence based on amendments to the Sentencing Guidelines pursuant to 28 U.S.C. § 994(o). *See United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). In determining whether an amendment has altered a movant's sentencing guidelines range, the district court must consider the sentence that would have been imposed had the amended Guidelines been in effect at the time of the original sentencing. *United States v. Hernandez*, 645 F.3d 709, 711 (5th Cir. 2011). Lang was held accountable for the equivalent of 100,808.8 kilograms of marijuana, which resulted in a base offense level of 38 under the Guidelines in effect when he was sentenced. Under the amended version of § 2D1.1(c)(1), a base offense level of 38 applies if the offense involves 90,000 kilograms or more of marijuana. *See* § 2D1.1(c)(1). Amendment 782 thus did not change Lang's offense level or lower his guidelines range. Because a § 3582(c)(2) reduction is not authorized if an amendment does not lower the defendant's applicable guidelines range, the district court did not err in determining that Lang was not eligible for relief under § 3582(c)(2). *See* § 1B1.10(a)(2)(B), p.s.

This appeal does not involve legal points arguable on their merits. *See Howard*, 707 F.2d at 220. Lang's IFP motion is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.