# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11270
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 4, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARTURO PACHECO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-157-1

Before OWEN, ELROD, and COSTA, Circuit Judges.

PER CURIAM:[*]

Arturo Pacheco, federal prisoner # 46263-177, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion seeking a reduction of his sentence for possession of a firearm by a felon and possession with intent to distribute a controlled substance. Pacheco's § 3582(c)(2) motion was based on Amendment 782 to the Sentencing Guidelines, which modified the drug quantity table set out in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11270

U.S.S.G. § 2D1.1(c), lowering most drug-related base-offense levels by two levels. The district court concluded that Pacheco was ineligible for the reduction because his guidelines range was not based on the Guidelines applicable to the drug offense but on the Guidelines applicable to the firearm offense pursuant to the grouping provisions set forth in Chapter 3 of the Sentencing Guidelines.

By moving to proceed IFP, Pacheco is challenging the district court's certification decision that his appeal was not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Section 3582(c)(2) permits the discretionary modification of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)," as long as the reduction is consistent with the applicable policy statements. § 3582(c)(2); *see United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). Because the district court's denial of Pacheco's motion was based on its determination that Pacheco was not eligible for a reduction, our review is de novo. *Doublin*, 572 F.3d at 237.

The sentencing range used to calculate Pacheco's sentence was based on the Guidelines applicable to Pacheco's firearm offense, and not his drug offense; thus, Pacheco's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," § 3582(c)(2), and the district court did not have the authority to reduce Pacheco's sentence. *See* U.S.S.G. § 1B1.10, comment.(n.1(A)); *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). Accordingly, this appeal does not present a nonfrivolous issue. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Pacheco's motion for

No. 15-11270

leave to proceed IFP is therefore DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.