# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10490
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 20, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES CARROLL EASON, JR., also known as Jimbo,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-93-2

Before STEWART, Chief Judge, and DENNIS and HAYNES, Circuit Judges.
PER CURIAM:[*]

James Carroll Eason, Jr., federal prisoner # 44258-177, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his 210-month sentence for conspiracy to distribute and possess with intent to distribute a controlled substance. Eason sought a modification of his sentence based on Amendment 782 to the Sentencing Guidelines.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10490

Eason argues that the district court erred in concluding that he was not entitled to a sentence reduction because it did not properly consider that his original guidelines range was calculated using an improperly inflated drug quantity. We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

An offense level of 42 and criminal history category of V yielded an original guidelines range of 360 to 480 months in prison. A two-level reduction pursuant to Amendment 782 would have resulted in an offense level of 40. With a criminal history category of V, Eason's new guidelines range of imprisonment would have remained 360 to 480 months in prison. *See* 21 U.S.C. §§ 846 & 841(a)(1), (b)(1)(B); U.S.S.G. Ch. 5, Pt. A. Because Eason's sentence was based on a sentencing range that was not subsequently lowered by Amendment 782, he is not eligible for a reduced sentence under § 3582(c)(2). *See* § 3582(c); § 1B1.10(a)(2) & cmt. (n.1(A)); *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). Accordingly, the judgment of the district court is AFFIRMED.