# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 17-41194
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**
September 19, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN ENRIQUE MEDRANO, also known as Sealed45, also known as Kieko,

Defendant-Appellant

————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:09-CR-109-45

————

Before DENNIS, CLEMENT, and OWEN, Circuit Judges

PER CURIAM:[*]

Juan Enrique Medrano appeals the denial of his motion to modify his sentence under 18 U.S.C. § 3582(c)(2) following an amendment to U.S.S.G. § 2D1.1. Although he acknowledges that he qualified as a career offender under U.S.S.G. § 4B1.1 at the time of sentencing, Medrano contends that he is eligible for a modification because the district court determined his offense level under U.S.S.G. § 2D1.1.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-41194

Contrary to Medrano's arguments in his brief, a COA is unnecessary to appeal from the denial of a § 3582(c)(2) motion. We review a defendant's eligibility for a reduction under § 3582(c)(2) de novo. *United States v. Doublin,* 572 F.3d 235, 237 (5th Cir. 2009). A sentence reduction is not authorized if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10, p.s., cmt. (n.1(A)) Because the applicable statutory maximum term of imprisonment for Medrano's offense was life, his base offense level under § 4B1.1 was 37 and his total offense level was 34. *See* § 4B1.1(b)(1). Assuming that the amendment lowered his offense level under § 2D1.1, it did not alter his offense level under the career offender provisions of § 4B1.1 or change the applicable guideline range. Therefore, Medrano is not eligible for a modification.

Medrano also argues that the district court erred by denying his § 3582 motion without findings or reasons. However, "a court is not required to state findings of facts and conclusions of law when denying a § 3582(c)(2) motion." *United States v. Evans,* 587 F.3d 667, 674 (5th Cir. 2009) (internal quotation marks and citation omitted).

AFFIRMED.