# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 16, 2019

Lyle W. Cayce
Clerk

No. 18-41054
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

HILARIO MERLAN SOLIS, Also Known as Cocho,

Defendant–Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
No. 4:98-CR-47-5

Before DAVIS, SMITH, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Hilario Solis, federal prisoner #07099-078, through counsel, appeals the order denying his motion for reduction of sentence under 18 U.S.C. § 3582(c)(2). Solis was convicted in 1999 of conspiracy to distribute heroin and distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846, for which he was sentenced to 400 months of imprisonment. Solis moved for a reduction of sentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-41054

in light of Amendment 782 of the Sentencing Guidelines.  Although he also asserted that a reduction was warranted because the drug quantity was not charged in the indictment or submitted to the jury and that he was sentenced in violation of the Ex Post Facto Clause, those issues have not been raised on appeal and are therefore abandoned.  *See United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010).

Solis concedes that he was not entitled to a reduction under that amendment because his base offense level was not based on drug quantity, and he was sentenced under the enhanced penalty provision of § 841(b)(1).  He contends, however, that the district court erred by failing to construe his *pro se* § 3582 motion as a petition for habeas corpus relief under 28 U.S.C. § 2241 because it satisfies the requirements of the savings clause of 28 U.S.C. § 2255(e) based on *United States v. Burrage*, 571 U.S. 204, 218−19 (2014), and *Santillana v. Upton*, 846 F.3d 779, 783−84 (5th Cir. 2017).

Because Amendment 782 did "not have the effect of lowering [Solis's] applicable guideline range," U.S.S.G. § 1B1.10(a)(2)(B), the district court did not abuse its discretion by denying the § 3582(c)(2) motion, *see United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009).  Accordingly, we affirm the judgment on that basis.

Further, given that a § 2241 petition "must be filed in the same district where the prisoner is incarcerated," *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000), we do not address whether Solis's pleading satisfies the savings clause of § 2255(e), such that his sentencing challenge can be raised in a § 2241 petition, *see Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001), nor do we express any opinion regarding the merits of such a § 2241 petition.

AFFIRMED.